UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA U. LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>24 HOUR FITNESS WORLDWIDE, INC. (NORTH HOLLYWOOD),<br><br>    Defendant. | Case No. 13-cv-00892 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 3 |

Plaintiff Amanda Levy filed her Complaint and Application to Proceed *In Forma Pauperis* on February 27, 2013. Dkt. Nos. 1, 3. No parties have consented to this Court's jurisdiction. Pursuant to 28 U.S.C. § 636(c), this Court issues this Report and Recommendation, and requests reassignment of this case to a district judge. The Court RECOMMENDS GRANTING Levy's application to proceed *In Forma Pauperis* and DISMISSING her complaint without prejudice.

**I. BACKGROUND**

Levy's complaint is difficult to comprehend, but she alleges that she suffered an ankle injury while sending an email on a computer at the 24 Hour Fitness Center in North Hollywood. Dkt. No. 1 at 1. She claims that, after receiving information she could use the computer, a manager for defendant approached her twice. *Id.* at 2. During the second

interaction, Levy claims that the manager started yelling "I need you to get out! I don't want you using any of my computers. They are for my employees!" *Id*. Levy claims that the manager's yelling terrorized her, that she fell from her stool as a result of the terror, and she now fears the use of computers at 24 Hour Fitness Centers because of this incident. *Id*. Levy also alleges that she has a physical disability and is of Nigerian descent. *Id.* at 3. Based on these allegations, Levy claims violation of the Civil Rights Act, violation of the American with Disabilities Act (ADA), negligence, personal injury, and breach of oral contract. *Id.* at 2-3. She seeks $1,000,000 in compensatory damages for undue stress, rashes, bruises, darkened skin, emotional distress, humiliation and discrimination. *Id.* at 3. She also seeks all future medical costs for her suffered ailments. *Id.* at 4.

## II. DISCUSSION

### A.    Levy Qualifies for *In Forma Pauperis* Status.

Any court of the United States may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). Levy's Application to Proceed *In Forma Pauperis* adequately alleges her poverty. She alleges that she is homeless, unemployed, and received state welfare payments until January 8, 2013. Dkt. No. 3 at 1-2. She possesses no assets or bank accounts, and has outstanding debt. Because Levy qualifies for *In Forma Pauperis* status, her application should be granted.

### B.    Levy's Complaint Should Be Dismissed Without Prejudice.

In reviewing an application to proceed *In Forma Pauperis*, courts may dismiss a case *sua sponte* if the party applying for *In Forma Pauperis* status files a frivolous action or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. As such, "[a] court may dismiss as frivolous complaints reciting bare legal conclusions with no

1  suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful
2  kind." *Id.* (citing *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)).

3  In most cases, original federal subject jurisdiction may be premised on two grounds:
4  (1) diversity jurisdiction, or (2) federal question jurisdiction. District courts have diversity
5  jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value
6  of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of
7  different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens
8  of different States and in which citizens or subjects of a foreign state are additional parties;
9  and (4) a foreign state . . . as plaintiff and citizen of a State or of different States."
10 28 U.S.C. § 1332. District courts also have federal question jurisdiction over "all civil
11 actions that arise under the Constitution, laws or treaties of the United States."
12 *Id.* § 1331. A case arises under federal law either where federal law creates the cause of
13 action or where the vindication of a right under state law necessarily turns on some
14 construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-
15 89 (9th Cir. 2002) (citation omitted). Federal jurisdiction exists only when a federal
16 question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial*
17 *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

18 Diversity jurisdiction does not exist here as Levy alleges that "both [p]laintiff and
19 [d]efendant reside in California." Dkt. No. 1 at 3. The only federal questions Levy's
20 complaint arguably raises are whether 24 Hours Fitness violated the Civil Rights Act and
21 the American with Disabilities Act. Levy, however, fails to allege any facts that would
22 support an actionable federal claim. Levy's allegations of her claims include only bare
23 citations to statute or case law, followed by conclusory statements. While Levy cites to 42
24 U.S.C. § 2000a(a), she does not allege any facts that demonstrate she was denied full and
25 fair enjoyment of "goods, services, facilities, privileges, advantages, and accommodations"
26 due to discrimination by 24 Hour Fitness based on her race, color, religion, or national
27 origin. *See* 42 U.S.C. § 2000a(a). Rather, she alleges the conclusory statement that she
28 suffered discrimination based upon her national origin and physical disability. Dkt. No. 1 at

Case No. 13-cv-00892 NC
REC. TO PROCEED *IN FORMA*
*PAUPERIS* AND DISMISS COMPL.

3

2-3. Levy's own allegations, however, show that she was denied use of the computers because she was not an employee, not because of her national origin or disability. *Id.* at 1. Further, Levy appears to allege a violation of the Americans with Disabilities Act, but does not cite to any part of the statute and fails to state any valid basis for an ADA claim. While she alleges that she is physically disabled, she fails to allege any connection between her disability and the conduct for which she alleges 24 Hour Fitness Center is responsible. Because Levy's complaint recites bare legal conclusions and alleges "wholly fanciful" facts, her claims for violations of the Civil Rights Act and the American with Disabilities Act appear to be frivolous, and should be dismissed.

The Court notes that this complaint is one of hundreds that Levy has filed all over the country, many of which have been deemed frivolous for reasons similar to those stated in this Recommendation. *See* Report and Recommendation, *Levy v. 24 Hour Fitness, Worldwide, Inc. (Santa Monica)*, No. 13-cv-0893 JST (N.D. Cal. March 4, 2013); *See also, e.g.*, *Levy v. Ryan Seacrest Productions*, No. 13-cv-0070, 2013 WL 418291 (E.D. Cal. Jan. 30, 2013); *Ajuluchuku v. Google*, No. 12-cv-1607, 2012 WL 5464358 (E.D. Cal. Nov. 7, 2012); *Ajuluchuku v. Apple, Inc.*, No. 12-cv-2494, 2012 WL 5035944 (E.D. Cal. Oct. 17, 2012); *Ajuluchuku v. Macy's*, No. 12-cv-1855, 2012 WL 5464467 (E.D. Cal. Nov. 7, 2012); *Ajuluchuku v. Apple, Inc.*, No. 12-cv-2205, 2012 WL 3862617 (E.D. Cal. Sept. 5, 2012).

Levy also alleges additional claims based on California state law, such as negligence, personal injury, and breach of contract. Dkt. No. 1 at 2-3. Because this Court lacks original jurisdiction, it also lacks supplemental jurisdiction over Levy's additional state claims. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

//

## III. CONCLUSION

For the forgoing reasons, the Court RECOMMENDS that this Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Any party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time may waive the right to appeal this Recommendation.

IT IS SO ORDERED.

Date: March 22, 2013

Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-00892 NC
REC. TO PROCEED *IN FORMA*
*PAUPERIS* AND DISMISS COMPL.

5