UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>24 HOUR FITNESS WORLDWIDE, INC. (SANTA MONICA),<br><br>    Defendant. | Case Nos. 3:13-cv-00893-JST<br><br>    4:13-00892-CW<br><br>    3:13-00927-JSC<br><br>    3:13-cv-02077-JST<br><br>**ORDER RELATING AND CONSOLIDATING CASES, AND *SUA SPONTE* DISMISSING WITH PREJUDICE** |

## I. BACKGROUND

On February 27 and 28, 2013, *pro se* Plaintiff Amanda Levy ("Plaintiff") filed three different lawsuits in this Court against Defendant 24 Hour Fitness Worldwide, Inc. ("Defendant"), regarding incidents that she alleges occurred in three different branches of Defendant's clubs: Case Nos. 4:13-892-CW ("the North Hollywood Action"), 3:13-893-JST ("the Santa Monica Action"), and 3:13-927-JSC ("the Sacramento Action").

In this, the Santa Monica Action, the Court dismissed Plaintiff's complaint on March 28 without prejudice, adopting the recommendation of Magistrate Judge Laporte, who found that the complaint failed to adequately assert federal subject-matter jurisdiction. ECF No. 7. This Court granted Plaintiff leave to amend her complaint to overcome the deficiencies identified in Judge Laporte's report and recommendation, and ordered her to do so within twenty-one days. Id.

Plaintiff filed a new complaint in this action on April 26.[1] "Amended Complaint," ECF

---

[1] Plaintiff failed to follow the Court's order to follow the Court's order to file this amended complaint within twenty-one days of March 28, which alone might be sufficient reason for

No. 11. Apparently as a precaution in case the Santa Monica Action had been closed, she also filed the exact same complaint as a new action, which was assigned to Magistrate Judge Beeler. Case No. 3:13-cv-2077 ("the Beeler Action"). Judge Beeler referred that action to this Court for purposes of considering whether it should be related pursuant to Civil Local Rule 3-12, and this Court related the Beeler Action to the Santa Monica Action. ECF Nos. 15 & 16.

In the Amended Complaint, Plaintiff states that she "would like to combine these three cases [i.e., the Santa Monica, Sacramento, and North Hollywood Actions] as one." ECF No. 11, at 2:1-3. The Amended Complaint contains factual allegations about incidents that occurred at all three locations, indicating that Plaintiff would like for the new complaint to serve as the operative complaint for all three actions. The Court construes this as a motion to relate these cases pursuant to Civil Local Rule 3-12, and to consolidate the cases pursuant to Federal Rule 42(a) of the Federal Rules of Civil Procedure.

## II. RELATION AND CONSOLIDATION

Pursuant to Civil Local Rule 3-12(a), actions are related if they "concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The actions involve the same parties and substantially similar events, and it would require a burdensome duplication of labor for them to be conducted separately before three different judges.

Under the Local Rules, parties are required to file a motion to relate in the earliest-filed action, so that the judge in that case can determine whether the cases should be related. See Civil Local Rule 3-12(b). Plaintiff made her request in this, the Santa Monica action, which was filed the same day as the North Hollywood Action but assigned a case number one digit higher. The Local Rules also require that the Court provide an opportunity for parties to file a response before relating cases. Civil Local Rules 3-11(e) & 7-11(b). However, since Defendant has not appeared in any of these actions, there is no one who could object to, or be prejudiced by, granting

---

dismissal pursuant to Federal Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff's request to relate these cases.

"[D]istrict courts [have] broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders." United States v. Gray, 876 F.2d 1411, 1414 (9th Cir. 1989); see also Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper, 712 F.3d 1316 (9th Cir. 2013) (it is "sensible" to "overlook" departures from local rules which have only slight and unimportant effects on parties' rights). In this case, construing the rules to "promote the just, efficient, speedy and economical determination" of this proceeding, the Court finds that it is appropriate to relate the Sacramento and North Hollywood Actions to this, the Santa Monica Action. Civil Local Rule 1-2(b). The cases are hereby RELATED.

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. Pro. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

At Plaintiff's request, the Court has reviewed the complaints and finds that the Santa Monica, North Hollywood, and Sacramento Actions should be consolidated because they involve common questions of law, and because there is no potential for delay, confusion or prejudice that could outweigh the considerable interest in judicial convenience. While Plaintiff did not request consolidating the Beeler Action, it is also appropriate to also consolidate that action because it is based on the exact same complaint as Plaintiff filed in the Santa Monica Action. Therefore, the Court hereby CONSOLIDATES the Santa Monica, Sacramento, North Hollywood and Beeler Actions. This case, No. 3:12-893, shall serve as the lead case and Plaintiff's amended complaint at ECF No. 11 now serves as the operative complaint. Any hearing dates, deadlines, and other case schedules in the other cases are hereby VACATED. The Clerk shall only file future submissions in this action.

This consolidation also TERMINATES AS MOOT the motion at ECF No. 3 in the Beeler Action, since Plaintiff's application to appear *in forma pauperis* has already been granted in the Santa Monica action.  See ECF Nos. 5 & 6.

### III. DISMISSAL WITH PREJUDICE

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).  The "burden of establishing . . . [subject-matter jurisdiction] rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The operative complaint fails to validly assert any basis for federal subject-matter jurisdiction.

Generally, original federal subject-matter jurisdiction is based either on diversity jurisdiction or federal question jurisdiction.  In her original complaint, Plaintiff stated that "[b]oth Plaintiff and Defendant reside in California." ECF No. 1, at 4:1-2.  She has deleted that sentence from the Amended Complaint, but still has failed to allege that she and Defendant are "citizens of different States." 28 U.S.C.A. § 1332(a)(1).  Instead, she asserts that "[s]ince Defendant is a corporation, this suit belongs in the federal court." Amended Complaint, at 8:8-9.  This does not accurately state the law, because the fact that one or more parties is a corporation does not make the parties diverse for purposes of federal jurisdiction.

Nor does the complaint validly assert federal question jurisdiction.  In the section entitled "Federal Question," Plaintiff states that she is "disabled under the American Disability Act." Id., at 7:23-24.  Even if true,[2] this fact does not establish that she has a cause of action that arises under federal law.  Plaintiff does not allege a claim arising under the ADA; even if the Court tried on its own to summon such a claim from her factual allegations, it would find insufficient facts to support a plausible claim.  (For one thing, it is unclear how Plaintiff is disabled and how Defendant discriminated against her on the basis of that disability.)

The Amended Complaint does state a cause of action for "Discrimination in Public Accommodation," which could be liberally construed to assert a cause of action under the federal

---

[2] The exact nature of Plaintiff's disability is not clear from Plaintiff's complaint.  See Amended Complaint, at 7:24-8:4.

4

1  Civil Rights Act. However, as Judge Laporte already carefully explained in her Report and
2  Recommendation, Plaintiff has provided only a "bare citation" to a federal statute and has failed to
3  allege facts that could support a claim under that statute. ECF No. 5, at 3:17-4:16. The Amended
4  Complaint contains the exact discrimination claim as the original complaint, word for word,
5  overcoming none of the deficiencies Judge Laporte identified and this Court found sufficient to
6  warrant dismissal of the first complaint. Compare Amended Complaint, at 9:2-19 with ECF No.
7  1, at 4:20-5:13.

8  The remainder of Plaintiff's asserted causes of action arise under state law, and without
9  original jurisdiction, the Court cannot exercise jurisdiction to entertain those claims.

10  Since the operative complaint fails to invoke the Court's subject-matter jurisdiction, the
11  Court hereby DISMISSES it *sua sponte*.

12  While dismissal is normally without prejudice, a court may dismiss without granting leave
13  to amend after considering the factors of "bad faith, undue delay, prejudice to the opposing party,
14  futility of the amendment, and whether the party has previously amended his pleadings." Bonin v.
15  Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "[A] district court does not 'abuse its discretion in
16  denying a motion to amend a complaint . . . when the movant presented no new facts but only
17  'new theories' and 'provided no satisfactory explanation for his failure to fully develop his
18  contentions originally.'" Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990)
19  (quoting Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570-71 (9th Cir. 1987). "The
20  fourth and fifth factors, futility and prior amendment" can be dispositive when a plaintiff's
21  amendment adds nothing to the original complaint. Sisseton-Wahpeton Sioux Tribe of Lake
22  Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 356 (9th Cir.
23  1996)

24  Plaintiff has been twice notified, by this Court and by the Court in the North Hollywood
25  Action, of the need to validly assert subject-matter jurisdiction. See ECF Nos. 5 & 7; see also
26  North Hollywood Action, ECF Nos. 4 & 6. In response, Plaintiff has offered no new facts and not
27  even any new theories. She has made no pertinent changes in the Amended Complaint. "The
28  district court's discretion to deny leave to amend is particularly broad where plaintiff has

previously amended the complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Moreover, as Judge Laporte pointed out in her Report and Recommendation, Plaintiff's Complaint "appears to be one of several hundred complaints that Plaintiff has filed all over the country, many of which have recently been deemed frivolous for reasons similar to those stated in this Report and Recommendation." ECF No. 5, at 4:24-5:2. Given these facts, the Court finds that it would be futile to permit further amendment.

The Court is mindful of the high standard for construing and dismissing complaints by *pro se* litigants. Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect," Lucas v. Dep't of Corrections, 66 F.245, 248 (9th Cir. 1995), and "before dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). These high standards, however, have been satisfied in this case.

This now-consolidated action is hereby DISMISSED WITH PREJUDICE. Plaintiff may not file an amended complaint. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 3, 2013

_____
JON S. TIGAR
United States District Judge